Case3:09-cv-03424-CRB Document41 Filed03/24/10 Page1 of 14

Entered on Docket
March 26, 2010
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

08-32358 DM

In re:
MICHAEL HUBBEL, and
JENNIFER L. HUBBEL,
    Debtors.

Nos. C 09-3424 CRB
     C 09-3425 CRB

**ORDER AFFIRMING BANKRUPTCY COURT**

In re:
ERNESTO SALI PEREZ, and
IMELDA JOCSON PEREZ,
    Debtors.

    This bankruptcy appeal concerns whether a mortgage lender is entitled to have an automatic stay lifted even where the mortgagee/debtor has transmitted a notice of rescission under the Truth in Lending Act ("TILA").[1] The bankruptcy court concluded that the notice of TILA rescission, in conjunction with the lenders' failure to take legal action within 20 days of receiving that notice, created serious doubt as to the enforceability of the security interest. Given this doubt about the underlying security interest, the bankruptcy court refused to lift the stay. Instead, if the lenders disputed the substance of the asserted TILA violation,

---

[1] The appeal includes two consolidated cases that turn on identical issues. The parties do not raise any substantive legal distinctions between the two.

the bankruptcy judge suggested that they file adversary proceedings to fully adjudicate the issue.

The lenders appeal, arguing that debtors' TILA rescissions amount to substantive defenses, and therefore were inappropriately considered in a motion for relief from stay. Citing Ninth Circuit case law, the lenders argue that substantive defenses cannot justify denying a motion for relief from stay, and that such a defense must instead be raised <u>by the debtor</u> in an adversary proceeding only after the stay has been lifted.

While both sides present credible arguments, the weight of authority supports Appellees. First, the lenders are not entirely correct that the debtors' rescission argument is a substantive defense. Whether or not a loan has been rescinded gets at a threshold issue, namely, whether a lender has any rights whatsoever against the debtor. If a lender does not, it has no right to be relieved from the stay. The bankruptcy judge in this case merely concluded that, given the self-executing nature of TILA, the initial presumption weighed against lifting the stay. This conclusion, however, in no way prevented the lenders from challenging that conclusion in an adversary proceeding. The bankruptcy judge gave the lenders that option, and they chose instead to appeal. While the lenders clearly would prefer that the stay be lifted earlier rather than later, the bankruptcy judge's conclusion that there were serious flaws in the lenders' security interests justified his decision not to lift the stay. The lenders may succeed in proving the enforceability of their interests in adversary proceedings, but this does not mean the bankruptcy judge abused his discretion in declining to lift the stay.

## BACKGROUND

This appeal arises from two separate bankruptcy matters: <u>In re: Hubbel</u> and <u>In re: Perez</u>. The facts underlying these actions will be discussed separately.

1. <u>In re: Hubbel</u>, No. 09-3424

Debtors Michael Hubbel and Jennifer Hubbel filed a Voluntary Petition for Bankruptcy on December 8, 2008. The Hubbels owned a home at 788 Ursula Avenue,

Pacifica, California, which they valued at $880,000.00. The Hubbels listed on their petition that the total of secured claims against the property was $880,000.

On February 26, 2009, Secured Creditor Mortgage Electronic Registration Systems, Inc. ("SCME"), and Aurora Loan Services, LLC, filed a motion for relief from automatic stay. The following day, the Chapter 7 Trustee's attorney sent a letter to SCME purporting to rescind SCME's security interest pursuant to the Truth in Lending Act ("TILA"). The Trustee asserted that she had the right to rescind the loan under TILA because the borrowers were not provided with two copies of a fully-executed notice of right to cancel at the time the loan documents were signed on June 6, 2008. Based upon this alleged rescission, the Trustee opposed SCME's motion for relief from a stay.

A hearing was held on March 26, 2009. At the hearing, the Trustee's attorney asserted that the TILA violation established serious doubt as to whether SCME had a valid security interest justifying granting it relief from the automatic stay, because such a violation leads <u>automatically</u> to the rescission of the loan contract. Appellee's ER 41. The Trustee in her papers explained that the debtors were prepared to testify that they were never sent certain documentation required by TILA. At the hearing, the parties discussed the fact that in the Ninth Circuit a trial judge has discretion to "reorder" the procedure for rescission under TILA such that a debtor might be forced to tender payment to the lender before the lender is required to turn over title to the property. <u>See Yamamoto v. Bank of New York</u>, 329 F.3d 1167 (9th Cir. 2003). <u>Id.</u> at 43. The bankruptcy judge, however, explained that he would not get into that issue – namely, whether or not to require the Trustee to pay back the proceeds <u>first</u> – until the TILA matter was properly presented to the Court. As he said, "we can debate later when we have the TILA matter presented . . . whether the Court should apply some altering or not." <u>Id.</u> The bankruptcy judge made no comments indicating whether or not he expected the Trustee or SCME ultimately to prevail.

At the end of the March 26, 2009, hearing, the bankruptcy judge continued the hearing to June 25, explaining that he was not yet prepared to grant or deny the motion for relief from stay. <u>Id.</u> at 51. The judge explained that he would leave it to the parties to determine

3

whether or not they wished to bring an adversary proceeding to fully adjudicate the TILA issue. When the hearing reconvened on June 25, 2009, neither party had initiated such a proceeding. Because the motion for relief of stay was not the proper proceeding in which to litigate the evidentiary basis of a TILA violation, and the judge concluded that the violation raised serious doubts as to the enforceability of SCME's security interest, he denied relief from the stay without prejudice.

2. In re: Perez, No. 09-3425

Debtors Ernesto Perez and Imelda Perez filed a petition for bankruptcy on November 23, 2008. The debtors owned a home at 370 Imperial Way, #126, Daly City, California. The debtors valued the property at $289,000.00, and they indicated that a secured claim existed against the property in the amount of $289,000.00.

Aurora Loan Services filed a motion for relief from the automatic stay on May 8, 2009. On June 16, 2009, the Trustee sent a letter to Aurora purporting to be a notice of rescission of the secured loan pursuant to TILA. As in the Hubbel matter, the Trustee asserted that the borrowers were not provided with two copies of a fully-executed notice of right to cancel at the time the loan documents were signed. On this basis, the Trustee opposed Aurora's motion for relief from the stay.

A hearing was held on June 25, 2009. In line with the judge's comments in the Hubbel matter, the judge explained that the Trustee's notice of rescission was "good enough to say there is reason to believe that maybe there is not right to have relief at all." ER at 56. However, the judge explained that "we won't decide whether that's the truth or not unless the parties agree to do it in evidentiary hearing here or in an adversary proceeding." Id. In other words, the Judge concluded that the matter could only be fully adjudicated in an evidentiary proceeding, not in a hearing on a motion for relief from an automatic stay. While he offered to defer the matter to permit the parties to pursue such an adjudication, the lender's counsel requested an order denying relief rather than permitting deferral.

These cases were appealed and have been related.

**DISCUSSION**

### 1. Standard of Review

"The decision to grant or deny relief from the automatic stay is committed to the sound discretion of the bankruptcy court, and we review such decision under the abuse of discretion standard." In re: Conejo Enters., 96 F.3d 346, 351 (9th Cir. 1996). Such a decision "will be reversed only if based on an erroneous conclusion of law or when the record contains no evidence on which [the bankruptcy court] rationally could have based that decision." Id. (internal quotation marks omitted; alteration in original).

### 2. Analysis

The central dispute in this case concerns the scope of issues properly before a bankruptcy judge in a relief from stay hearing. Appellants contend that a bankruptcy judge may only consider two statutory factors: whether the debtor has equity in the property sought to be foreclosed upon, and whether the property is not necessary to an effective reorganization. See 11 U.S.C. § 362(d)(2). Appellees, however, argue that a threshold question is necessarily before the court as well: whether the party seeking relief is in fact a party in interest. In other words, before a bankruptcy judge can grant a party relief from a stay based upon their security interest, Appellees contend that there must be some showing that the moving party has such an interest.

Appellees have the better of this argument. Case law, statutory language, and legislative history all support the conclusion that a bankruptcy judge may consider issues that go to the enforceability of a security interest. While a bankruptcy judge may not fully adjudicate such a question in a relief from stay hearing, the judge may indeed determine that a given security interest is more likely than not unenforceable. If such an interest is unenforceable, then the bankruptcy judge is not obligated to lift the stay.

Of course, this is not the end of the matter. If the creditor disputes this conclusion, the creditor is entitled to bring an adversary proceeding to determine, on the merits, whether a particular legal argument in fact undermines the validity of a security interest. In this case, the creditors in Hubbel and Perez were and are free to initiate an adversary proceeding to challenge the Trustee's notice of rescission under TILA. Indeed, in such a proceeding the

creditors could make any of the arguments they assert here: that rescission is inappropriate given the debtors' inability to pay, or that the lender did indeed comply with TILA. But as the bankruptcy judge noted, such decisions could not be made in a relief from stay hearing. Instead, the bankruptcy judge was obligated to determine whether, as a threshold issue, the creditors had enforceable security interests. The bankruptcy judge determined that, given the arguments made in the hearing, the evidence weighed in favor of the debtors. While the bankruptcy judge recognized that further adversary proceedings could establish that the opposite is true, he made a provisional decision that the stay should remain in effect. This is entirely appropriate.

Because the bankruptcy judge made no errors of law and based his decision on a reasonable view of the facts, that decision must be AFFIRMED.

### a. Applicable Law

#### i. TILA

TILA's rescission provision is codified at 15 U.S.C. § 1635, and provides that:

> The obligor shall have the right to rescind the transaction[2] . . . by notifying the creditor, in accordance with regulations of the Board, of his intention to do so.
> . . .
> Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall <u>take any action necessary or appropriate to reflect the termination of any security interest</u> created under the transaction. . . . <u>Upon the performance of the creditor's obligations under this section, the obligor shall tender the property to the creditor.</u>

15 U.S.C. § 1635(a)-(b) (emphasis added). As noted by Appellant and the bankruptcy judge, the statute speaks in prescriptive terms: "within 20 days after receipt of a notice of rescission, the creditor <u>shall</u> return to the obligor any money . . . ." The statute then notes that "[u]pon the performance of the creditor's obligations under this section, the obligor <u>shall</u> tender the property to the creditor." The statute clearly provides that, as applied in this case, the debtor shall return the loaned funds only "[u]pon the performance of the creditor's obligations" to

---

[2] The statute of limitations for this right of rescission is typically three days, but it is extended to three years where, as is alleged by the Trustee in this case, the creditor did not provide certain required documents. The parties do not dispute that the debtors in these actions are within the three-year window, though they do dispute whether that longer window was triggered.

Case: 08-32358    Doc# 57    Filed: 03/24/10    Entered: 03/26/10 10:36:13    Page 6 of 14

terminate their security interest. According to Appellee, unless the lender initiated some sort of action for declaratory relief, or otherwise initiates proceedings to challenge this chain of events, the operation of the statute is automatic.

The Ninth Circuit, however, has held that a judge may alter the sequence of events pertaining to rescission under TILA. In <u>Yamamoto v. Bank of New York</u>, 329 F.3d 1167 (9th Cir. 2003), the Ninth Circuit held that "a district court has discretion to modify the sequence of rescission events" in certain circumstances. <u>Id.</u> at 1168. The Ninth Circuit explained that "whether a decree of rescission should be conditional depends upon the equities present in a particular case, as well as consideration of the legislative policy of full disclosure that underlies the Truth in Lending Act and the remedial-penal nature of the private enforcement provisions of the Act." <u>Id.</u> at 1171. The Appellant's reading of <u>Yamamoto</u> goes even further, as it argues that rescission <u>should</u> be conditioned on repayment of the amounts advanced by the lender. Appellant points out that the <u>Yamamoto</u> could also stated that "rescission *should be* conditioned on repayment of the amounts advanced by the lender" in some contexts. <u>Id.</u> The statement was made in the context of a particular case, which the Circuit described as one in which "the equities favored the creditor who would otherwise have been left in an unsecured position in the borrower's intervening bankruptcy." <u>Id.</u> Appellant argues that the same equities should be balanced here: failure to condition rescission on repayment could result in an unjust windfall to the borrower.

### ii. Relief from the Automatic Stay Under § 362(d)

Section 362(a) under the Bankruptcy Code provides that a bankruptcy petition "operates as a stay, applicable to all entities, of . . . any act to obtain possession of property of the estate or of property from the estate or to exercise control over the property of the estate." However, this stay can be lifted in certain circumstances. Section 362(d)(2) provides

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay . . . with respect to a stay of an act against property under subsection (a) of this section, if –
> (A) the debtor does not have an equity in such property; and
> (B) such property is not necessary to an effective reorganization.

The process by which relief from the automatic stay is to be considered is not a full adversary proceeding encompassing all possible collateral issues. "Stay litigation is limited to issues of the lack of adequate protection, the debtor's equity in the property, and the necessity of the property to an effective reorganization. Hearings on relief from the automatic stay are thus handled in a summary fashion. The validity of the claim or contract underlying the claim is not litigated during the hearing." In re: Johnson, 756 F.2d 738, 740 (9th Cir. 1985). The Ninth Circuit has also explained that "'the desired expedition of stay litigation . . . may not always be conducive to any final determination of questions going to the merits which are so serious, substantial, difficult and doubtful as to make them fair ground for litigation and thus for more deliberative investigation.' When a debtor's affirmative defenses and counterclaims, however, directly involved the question of the debtor's equity, they should be heard in the stay proceeding. When they do not, they should be tried separately." In re: Bialac, 694 F.2d 625, 627 (9th Cir. 1982) (quoting United Cos. Financial Corp. v. Brantley, 6 B.R. 178, 187 (Bankr. N.D. Fla. 1980); other citations omitted).

The legislative history of § 362(d) further illustrates the purpose of relief from stay proceedings. As quoted by the Ninth Circuit in In re: Bialac, the Senate Committee considering the provisions of Section 362 stated:

> The action commenced by the party seeking relief from the stay is referred to as a motion to make it clear that at the expedited hearing under subsection (e), and at hearing on relief from the stay, the only issue will be the lack of adequate protection, the debtor's equity in the property, and the necessity of the property to an effective reorganization of the debtor, or the existence of other cause for relief from the stay. This hearing will not be the appropriate time at which to bring in other issues, such as counterclaims against the creditor, which, although relevant to the question of the amount of the debt, concern largely collateral or unrelated matters . . . . Those counterclaims are not to be handled in the summary fashion that the preliminary hearing under this provision will be. Rather, they will be the subject of more complete proceedings by the trustee to recover property of the estate or to object to the allowance of a claim. However, this would not preclude the party seeking continuance of the stay from presenting evidence on the existence of claims which the court may consider in exercising its discretion. What is precluded is a determination of such collateral claims on the merits at the hearing.

S. Rep. No. 989, 95th Cong., 2d Sess. 55, *reprinted in*, 1978 U.S.C.C.A.N. 5787, 5841.

//
//

### b. The Bankrutpcy Judge's Decision to Maintain the Stay

Appellant claims that if the bankruptcy judge's decision denying relief from the stay is to stand, "the entire purpose of relief from stay proceedings would be undermined because debtors and trustees would be permitted to avoid relief from stay based on issues that are wholly unrelated to the automatic stay." Appellant's Br. at 16. Appellant also argues that "[i]ssues and defenses surrounding the validity of the underlying security do not directly relate to the lifting of the stay, and accordingly they are not issues that are before the bankruptcy court in a contested proceeding in which a creditor moves [for] relief from the stay." Id. at 9. Appellants overstate the law.

There is a difference between the proposition that certain matters cannot be litigated in a relief from stay hearing and the proposition that these other matters are irrelevant to such a hearing. The vast majority of authority cited by Appellants supports the first proposition, but not the second. On the contrary, the second proposition concerns whether or not the lifting of the stay is or is not a matter for the discretion of the bankruptcy judge, and legal authority strongly suggests that the bankruptcy judge has this discretion. Therefore, because the bankruptcy judge did no more than exercise the discretion vested in him, his decision is AFFIRMED.

Appellant first relies on the statutory text us § 362(d), but fails to provide complete context. Appellant notes in its brief that § 362(d) provides that a bankruptcy court "shall" lift an automatic stay where it finds that the debtor has no equity in the property sought to be foreclosed upon, and that the property is not necessary to an effective reorganization. Appellant therefore argues that, upon such findings, the bankruptcy judge has no discretion to deny relief from the stay: it <u>must</u> be granted. But this ignores two important aspects of the statutory language: (1) the dissolution of the stay is not the only relief provided for in the statute, and (2) the threshold question of whether the moving party is, in fact, a party in interest, must be addressed.

As to the first point, the statute does indeed provide that the bankruptcy court "shall" provide relief in certain circumstances, but the relief available is by no means limited to an

unequivocal dissolution of the stay. On the contrary, the statute provides that relief may include "terminating, annulling, modifying, or conditioning such [a] stay." 11 U.S.C. 362(d). Appellant therefore overstates the matter when it claims that it was entitled to <u>complete</u> relief from the stay. The judge could have conditioned or modified the stay in any number of ways. Indeed, one can interpret the judge's holding as agreeing to lift the stay on the condition that Appellant establish that the contract had not been rescinded under TILA. Such a condition is entirely appropriate under this statutory scheme.

As to the second point, § 362(d) provides that the stay may only be lifted as to a party in interest. Therefore, there must be some preliminary determination as to whether the moving party is, in fact, a party in interest. See 11 U.S.C. § 362(d) ("On the request of a <u>party in interest</u> . . . ." (emphasis added)). Surely it cannot be sufficient for a party to bring a motion for relief from the stay and obtain relief without presenting prima facie evidence that he has an interest of some sort. In such a situation, a bankruptcy judge must have the discretion to deny relief until such time as the moving party can present sufficient evidence.

Indeed, elsewhere in its brief Appellant concedes this point. It writes that "[i]n connection with a Motion for Relief from Stay, the Court must summarily evaluate whether the Movant's claim is valid and lien enforceable." Appellant's Br. at 15. And that is exactly what happened in this case. The bankruptcy judge was presented with certain evidence that suggested that the loans based upon which the Appellant sought to foreclose on Debtors' homes had been rescinded under TILA. And if the moving party has no legal rights relating to Debtors' property, then that party has no right to be relieved from the stay under § 362(d).

The bankruptcy judge did not determine, as a final matter, whether or not TILA rescission was proper or improper. On the contrary, because relief from stay proceedings are limited as to the matters that can be adjudicated within them, the bankruptcy judge simply determined that TILA's self-executing rescission provision cast serious doubt on Appellant's rights. The weight of case law and other sources of authority suggests that this procedure was perfectly appropriate. For example, <u>Grella v. Salem Five Cent Savings Bank</u>, 42 F.3d 24 (9th Cir. 1994), explained that a bankruptcy court must make a preliminary determination as

to whether the claim is valid. Relief from stay "hearings do not involve a full adjudication on the merits of claims, defenses, or counterclaims, but simply a determination as to whether a creditor has a colorable claim to property of the estate." Id. at 32.

This approach is confirmed by the legislative history of § 362. While Appellant quotes a portion of the relevant Senate Report, it omits a crucial passage. After explaining that a relief from stay hearing is limited and that counterclaims and defenses are not to be adjudicated in it, the report goes on to state: "However, this would not preclude the party seeking continuance of the stay from presenting evidence on the existence of claims which the court may consider in exercising its discretion. What is precluded is a determination of such collateral claims on the merits at the hearing." S. Rep. No. 989, 95th Cong., 2d Sess. 344. There is only one plausible interpretation of this passage. While Congress intended that counterclaims and defenses should not be adjudicated in a relief from stay hearing, this did not mean any possible counterclaim or defense was irrelevant to the decision whether to lift the stay. On the contrary, "the court may consider" such a claim "in exercising its discretion." The bankruptcy judge in these cases did no more than this.

It must be noted that Appellant's citations to Ninth Circuit authority are perfectly consistent with this interpretation. For instance, Appellant argues that "[t]he Ninth Circuit has found that a debtor's affirmative defenses that 'directly involve the question of the debtor's equity' should be heard in the relief from stay proceeding, but all other substantial defenses should be heard separately." Appellant's Br. at 10 (quoting In re: Bialac, 694 F.2d at 627). This quotation says nothing about whether, given that the merits of "other substantial defenses" cannot be heard in a relief from stay proceeding, these defenses can or cannot be considered in determining whether or not to grant relief from the stay. Similarly, In re: Johnson confined its discussion to the scope of what could be fully adjudicated in an adversary hearing. It did not purport to limit the sorts of evidence that may or may not be relevant to a bankruptcy judge's exercise of his own discretion. As noted at the outset, there is a difference between concluding that a certain matter cannot be fully adjudicated in a given hearing, and concluding that the matter cannot be considered in a judge's exercise of

11

discretion. And as previously noted, the relevant Senate Report draws this exact distinction, forbidding final adjudication of such matters while explaining that they may still be relevant to the judge's exercise of his discretion.

Next, Appellant turns its attention to TILA itself, arguing that the bankruptcy judge's reliance on TILA was an abuse of his discretion. In sum, Appellant makes two arguments concerning TILA: (1) the bankruptcy judge failed to properly apply evidentiary burdens, and (2) the bankruptcy judge failed to condition TILA rescission upon the borrowers' return of the outstanding balance. As to the first argument, Appellant is trying to have it both ways. On the one hand, it argues that the relief from stay hearing is a streamlined proceeding in which a judge cannot make evidentiary determinations on collateral matters. On the other hand, Appellant faults the bankruptcy judge for allegedly misapplying evidentiary rules. The fact of the matter is that Appellant's first argument is correct: a summary hearing is not the appropriate context in which to fully adjudicate an alleged TILA violation. See In re: Bialac (holding that such matters "should be tried separately"). Therefore, the bankruptcy court cannot be faulted for not conducting such a full adjudication. Instead, he left final determination of those question to a more appropriate proceeding.

Next, Appellant argues that no TILA rescission could have taken place because a judge should condition TILA rescission on the debtor being able to show that he is capable of tendering the remaining balance of the funds he previously borrowed. In support of this Appellant cites Yamamoto v. Bank of New York, 329 F.3d 1167 (9th Cir. 2003). Appellant asserts that Yamamoto held that a party's right to rescind a loan under TILA should be conditioned on their ability to tender the balance that is owed where there is a risk that the lender will be left without any recourse. Even assuming that this reading is correct, the fact remains that just as the bankruptcy judge was not in a position to weigh the evidence with regard to a TILA claim, he was not in a position to order that the borrower tender the balance due. This is why the bankruptcy judge explained at the hearing that any question of reordering would only be addressed when the issue was properly presented in an adversary hearing. Precisely because the relief from stay hearing must remain narrowly focused, the

bankruptcy judge was not in a position to dive into the procedural peculiarities of TILA. On the contrary, the bankruptcy judge merely took into account the facts as related to him by both parties, and looked to the TILA statutory scheme.

As noted above, TILA provides that "[w]hen an obligor exercises his right to rescind under subsection (a) . . . any security interest given by the obligor . . . becomes void upon such a rescission." 15 U.S.C. § 1635(b). In the Hubbel case, twenty days had also passed since the Trustee's letter of rescission, which triggered § 1635(b)'s requirement that the creditor "shall take any action necessary or appropriate to reflect the termination of any security interest created in the transaction." The bankruptcy judge knew that the Trustee had sent letters of rescission in both Hubbel and Perez, and knew that neither lender had initiated an adversary proceeding to challenge the rescission. Under the statutory terms, which on their face are self-executing, the loans had been rescinded. Cf. Avila v. Stearns Lending, Inc., No. 08-419, 2008 WL 1278231 (C.D. Cal. Apr. 7, 2008) (holding that, in the context of a preliminary injunction, that a party seeking rescission under TILA need not show an ability to repay a loan in order to establish a likelihood of success on the merits).

This is not to say, of course, that the lenders had, or have, no recourse. As both parties recognize, an adversary proceeding can be initiated in which Appellant can argue that the necessary documents were indeed conveyed to the borrowers, and that the right to rescind was therefore extinguished three days after the loans were extended. The bankruptcy judge in fact invited just such a proceeding. Appellant, however, insists that it is not his obligation to do so. But given the self-executing nature of TILA, and that fact that no judge has yet had the opportunity to investigate whether or not a TILA claim in fact exists, or whether the order of rescission should be modified, the bankruptcy judge was well within his discretion in refusing to lift the stay.

## CONCLUSION

It is not the case, as Appellant argues, that it will be indefinitely prevented from pursuing its legal rights. All that is necessary is a proper adjudication of the TILA claim, which can be accomplished in an adversary proceeding. If Appellant is correct and the

security interest remains enforceable, it will be granted relief from stay. But to grant relief at this moment, when the clear procedures of TILA suggest that the loan has been rescinded, would be premature. The bankruptcy court's decision not to do so was therefore not an abuse of discretion. The decision of the bankruptcy court is therefore AFFIRMED.

**IT IS SO ORDERED.**

Dated: March 24, 2010

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE